# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MICHAEL WOLCOFF

    Petitioner,

v.                                           Case No. 3:17-cv-275-J-32MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

    Respondents.

## ORDER

Petitioner, a former inmate of the Florida penal system, initiated this case by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, see Doc. 1. He attacks an allegedly unlawful sentence entered in Duval County, Florida, circuit court case number: 16-2001-CF-6359, see id. at 15. Respondents filed a Response, see Doc. 10 (Resp.), with exhibits.[1] Although not a named respondent in this action, the Florida Department of Corrections filed a Limited Response to the Petition, see Doc. 5. Petitioner filed a reply, see Doc. 11.

Petitioner raises the following single ground for relief:

    Credit for time served

---

[1] The Court refers to the Response exhibits as "Resp. Ex."

> Defendant filed 2 motions regarding credit for time served on a split sentence case. Due process rights were violated when judge refused to award credit by filling out sentence sheet correctly. No waiver of credit can be found. Defendant exhausted his appeals in 1st D.C.A. and was P.C.A-ed and denied again on 7-18-16
>
> . . .
>
> Therefore, petitioner asks that the Court grant the following relief: to be awarded prior prison credit on case 01-6359 (Duval County FL.). The Box on sentence sheet was left blank so D.O.C. will not apply credit. I ask that the box be checked so I may receive all credit for time served on this sentence.

Doc. 1 at 5, 15.

To add context, the Court summarizes only the procedural history necessary for purposes of this Order. On August 31, 2001, Petitioner entered a negotiated plea of guilty to trafficking in oxycodone. Resp. Ex. C. That same day, pursuant to his negotiated disposition, the trial court sentenced Petitioner to a ten-year term of incarceration to be followed by a five-year term of probation. Resp. Ex. E. Approximately two years into the probationary term of his split sentence, on August 1, 2012, Petitioner entered a negotiated plea of guilty to violation of probation. Resp. Ex. Y. That same day, the trial court revoked his probation and sentenced Petitioner to a ten-year term of incarceration with 380 days of jail credit. Resp. Ex. AA. The trial court further ordered that his sentence run concurrent with the sentences Petitioner was serving for convictions in Putnam County, Florida, 2011cf1320, and Clay

County, Florida, 2012cf0637. Resp. Ex. BB. Petitioner did not seek a direct appeal, but he did file a postconviction motion requesting that the trial court award him prior prison credit. Resp. Ex. KK at 1, 2-4. The trial court denied Petitioner's request, see id. at 5-6, and the First District Court of Appeal per curiam affirmed the denial without a written opinion, see Resp. Ex. NN.

Here, Petitioner alleges that the state court erred in denying him prior prison credit and requests the Court to award him that credit, ultimately seeking to change the date he is to be released from custody. However, a review of the FDOC's website shows that Petitioner was released from the FDOC's custody on January 15, 2020.[2] See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited Jan. 27, 2020). Because Petitioner challenges the status of his confinement, rather than his underlying conviction, there are no collateral consequences for the Court to consider. His release from state custody has rendered this action moot. See Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986); Smith v. Sec'y, Dep't of Corr., No. 17-11330-G, 2017 WL 4457448, at *2 (11th Cir. 2017); see also Bailey v. Southerland, 821 F.2d 277, 278-79 (5th Cir. 1987).

---

[2] The FDOC's website indicates that Petitioner is currently serving a term of community control that was likely imposed in either his Putnam County case or his Clay County case.

Further, even if Petitioner's release does not render this action moot, Petitioner's claim is not cognizable on federal habeas review. Petitioner's claim is only premised upon state law. See Doc. 1; Doc 11 (citing Johnson v. State, 60 So. 3d 1045 (Fla. 2011); State v. Green, 547 So. 2d 925 (Fla. 1989)). The Eleventh Circuit Court of Appeals "consistently [has] held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988). Although Petitioner attempts to bring his claim within the purview of this Court's jurisdiction by alleging a due process violation, "it is clear that his [P]etition is based exclusively on state law issues which are merely 'couched in terms of . . . due process.'" Branan, 861 F.2d at 1508 (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). As such, the Petition is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED as moot** and this case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Petitioner appeals the dismissal of this case, the Court denies a

certificate of appealability.³ Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of January, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Michael Wolcoff, #605720
Barbara Debelius-Enemark, Esq.

---

³ The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.